1  Stuart A. Shanus (SBN 188046)
   sshanus@reedsmith.com
2  Katherine W. Insogna (SBN 266326)
   kinsogna@reedsmith.com
3  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
4  Los Angeles, CA  90071-1514
   Telephone:   +1 213 457 8000
5  Facsimile:   +1 213 457 8080

6  Attorneys for Defendant Alfred
   Publishing Co., Inc.

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  ALLUMINATION FILMWORKS, LLC,        Case No.: 2:11-cv-01945 MMM (PLAx)
    a Delaware Limited Liability Company,
12                                       **DEFENDANT ALFRED
                   Plaintiff,            PUBLISHING CO., INC.'S ANSWER
13                                       TO COMPLAINT**
           vs.
14                                       **[Demand for Jury Trial]**
    JOHN MAURICE DOYLE, ALFRED
15  PUBLISHING CO., INC., a New York
    Corporation, and DOES 1-10,          Honorable Margaret M. Morrow
16
                   Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Defendant Alfred Publishing Co., Inc. ("Defendant") responds to the Complaint of Plaintiff Allumination Filmworks, LLC ("Plaintiff") as follows:

## Jurisdiction and Venue

1.      Defendant admits that Plaintiff purports to invoke the subject matter jurisdiction of this court under 28 U.S.C. §§ 1331, 1338(a) and 1367(a).  Defendant admits that Plaintiff purports venue is proper in this district under 28 U.S.C. § 1391(b)(l) & (2).

## The Parties

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, and on that basis, denies those allegations.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, and on that basis, denies those allegations.

4.      Defendant admits that it is a New York corporation with a principal place of business in Van Nuys, California.  Defendant further admits that it advertises itself as the world's largest educational music publisher.  Except as expressly admitted herein, Defendant denies all of remaining allegations of Paragraph 4 of the Complaint.

5.      Paragraph 5 is not directed at Defendant, and thus, does not require a denial or admission.  To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

6.      Paragraph 6 is not directed at Defendant, and thus, does not require a denial or admission.  To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

## First Cause of Action

7.      Defendant incorporates its answers set forth in Paragraphs 1-6 in response to the allegations of Paragraph 7 of the Complaint.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and on that basis, denies those allegations.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and on that basis, denies those allegations.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and on that basis, denies those allegations.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and on that basis, denies those allegations.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and on that basis, denies those allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and on that basis, denies those allegations.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, and on that basis, denies those allegations.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, and on that basis, denies those allegations.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, and on that basis, denies those allegations.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, and on that basis, denies those allegations.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, and on that basis, denies those allegations.

19.     Defendant admits that on or about June 9, 2008, Defendant entered a written agreement with Doyle.  Except as expressly admitted herein, Defendant denies all of remaining allegations of Paragraph 19 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    20.    Defendant denies the allegations set forth in Paragraph 20 of the

2  Complaint.

3

4    21.    Defendant denies the allegations set forth in Paragraph 21 of the

5  Complaint.

6

7    22.    Defendant denies the allegations set forth in Paragraph 22 of the

8  Complaint.

9

10                        Second Cause of Action

11

12    23.    Defendant incorporates its answers set forth in Paragraphs 1-22 in

13  response to the allegations of Paragraph 23 of the Complaint.

14

15    24.    Defendant is without knowledge or information sufficient to form a belief

16  as to the truth of the allegations set forth in Paragraph 24 of the Complaint, and on

17  that basis, denies those allegations.

18

19    25.    Defendant is without knowledge or information sufficient to form a belief

20  as to the truth of the allegations set forth in Paragraph 25 of the Complaint, and on

21  that basis, denies those allegations.

22

23    26.    Defendant is without knowledge or information sufficient to form a belief

24  as to the truth of the allegations set forth in Paragraph 26 of the Complaint, and on

25  that basis, denies those allegations.

26

27                        Third Cause of Action

28

27. Defendant incorporates its answers set forth in Paragraphs 1-26 in response to the allegations of Paragraph 27 of the Complaint.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint, and on that basis, denies those allegations.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint, and on that basis, denies those allegations.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint, and on that basis, denies those allegations.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint, and on that basis, denies those allegations.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint, and on that basis, denies those allegations.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint, and on that basis, denies those allegations.

34. Defendant is without knowledge or information sufficient to form a belief

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

as to the truth of the allegations set forth in Paragraph 34 of the Complaint, and on that basis, denies those allegations.

35.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint, and on that basis, denies those allegations.

## Answer To Prayer For Relief

In response to Plaintiff's Prayer for Relief, Paragraphs a-j, Defendant denies that Plaintiff is entitled to any of the relief requested therein, and further denies that Plaintiff has been injured in any way.

## Affirmative Defenses

### First Affirmative Defense
(Failure to State a Cause of Action)

As a first affirmative defense to each cause of action contained in Plaintiff's Complaint, Defendant alleges that Plaintiff's Complaint fails to set forth facts sufficient to constitute a cause of action against Defendant.

### Second Affirmative Defense
(Statute of Limitation)

As a second affirmative defense to each cause of action contained in Plaintiff's Complaint, Defendant alleges that Plaintiff's Complaint is barred by the statute of limitations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

## Third Affirmative Defense

2

### (Estoppel)

3      As a third affirmative defense to each cause of action contained in Plaintiff's

4  Complaint, Defendant alleges that Plaintiff is estopped by its conduct from recovering

5  against Defendant on its Complaint.

6

7

## Fourth Affirmative Defense

8

### (Waiver)

9      As a fourth affirmative defense to each cause of action contained in Plaintiff's

10  Complaint, Defendant alleges that Plaintiff has waived in whole or part any right to

11  recover on its Complaint.

12

13

## Fifth Affirmative Defense

14

### (Unclean hands)

15      As a fifth affirmative defense to each cause of action contained in Plaintiff's

16  Complaint, Defendant alleges that Plaintiff's Complaint is barred by the doctrine of

17  unclean hands.

18

19

## Sixth Affirmative Defense

20

### (Conduct of Others)

21      As a sixth affirmative defense to each cause of action contained in Plaintiff's

22  Complaint, Defendant alleges that the conduct of third parties caused and contributed

23  to Plaintiff's injury or damages, if any, and therefore, any liability should be

24  apportioned according to fault.

25

26  ///

27

28  ///

Case No. 2:11-cv-01945 MMM (PLAx)          - 7 -

DEFENDANT ALFRED PUBLISHING CO., INC.'S ANSWER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Seventh Affirmative Defense

(Failure to Mitigate)

As a sixth affirmative defense to each cause of action contained in Plaintiff's Complaint, Defendant alleges that any recover against Defendant must be reduced to the extent Plaintiff has failed to mitigate, minimize or avoid their claimed damages.

Eighth Affirmative Defense

(Reservation of Affirmative Defenses)

As an eighth affirmative defense to each cause of action contained in Plaintiff's Complaint, Defendant reserves the right to assert additional defenses at trial in this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant demands judgment against Plaintiff as follows:

1.    An order dismissing Plaintiff's Complaint with prejudice and denying all relief requested therein;

2.    An order declaring that Defendant has not infringed and does not infringe, either directly, contributorily, or through inducement, the five copyrighted works at issue;

3.    An order that Defendant be awarded all costs and attorneys' fees incurred in defending this lawsuit;

4.    Such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Defendant Alfred Publishing Co., Inc. hereby demands a jury trial as to all issues so triable.

DATED:  May 2, 2011.   REED SMITH LLP

By     /s/ Katherine W. Insogna
    Stuart A. Shanus
    Katherine W. Insogna
    Attorneys for Defendant
    Alfred Publishing Co., Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware