Stuart A. Shanus (SBN 188046)
sshanus@reedsmith.com
Katherine W. Insogna (SBN 266326)
kinsogna@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  +1 213 457 8000
Facsimile:   +1 213 457 8080

Attorneys for Defendant
Alfred Publishing Co., Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLUMINATION FILMWORKS, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN MAURICE DOYLE, ALFRED PUBLISHING CO., INC., a New York Corporation, and DOES 1-10,<br><br>Defendants. | Case No.: 2:11-cv-01945 MMM (PLAx)<br><br>**DEFENDANT ALFRED PUBLISHING CO., INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date:   November 7, 2011<br>Hearing Time:   10:00 a.m.<br>Hearing Location:  Courtroom 780<br><br>Honorable Margaret M. Morrow<br><br>[Filed concurrently with Statement of Genuine Disputes] |

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................... 1

II. FACTUAL BACKGROUND .................................................................................. 2

III. LEGAL ANALYSIS ................................................................................................. 3

    A. Summary Judgment Is Not Appropriate In This Case .............................. 3

    B. Doyle's Termination Of The License Agreement With Allumination Is A Disputed Fact That Precludes Summary Judgment On The Copyright Claim ............................................................ 4

        1. Allumination's Material Breach Of The License Agreement Supports Doyle's Termination Of The Agreement ................................................................................................. 4

        2. The License Agreement Is Ambiguous, And The Issue Of Whether Allumination's Breach Was Material Remains, Precluding Summary Judgment ........................................ 6

    C. Allumination's Knowledge And Explicit Encouragement Of Doyle's Plan To Sell Through Alfred Bars Any Subsequent Infringement Claim ........................................................................................ 8

    D. Because The Breach Of The License Agreement Is Currently Being Litigated In State Court, This Court Should Abstain From Ruling ............................................................................................. 10

IV. CONCLUSION ...................................................................................................... 11

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ...................................................................................... 3

*Apple Computer v. Microsoft Corp.*,
   35 F.3d 1435 (9th Cir. 1994) ......................................................................... 5

*City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*,
   43 Cal. 4th 375 (2008) ................................................................................... 8

*Curry v. Moody*,
   40 Cal. App. 4th 1547 (1995) ........................................................................ 7

*Dell Pub. Co. v. Whedon*,
   577 F. Supp. 1459 (S.D.N.Y. 1984) ............................................................... 5

*First Nat'l Bank of Arizona v. Cities Service Co.*,
   391 U.S. 253 (1968) ...................................................................................... 3

*Gordon v. Matthew Bender & Co., Inc.*,
   186 F.3d 183 (2d Cir. 1999) .......................................................................... 8

*Graham v. James*,
   144 F.3d 229 (2d Cir. 1998) .......................................................................... 5

*Heckler v. Community Health Services*,
   467 U.S. 51 (1984) ........................................................................................ 9

*Mattel, Inc. v. MGA Entertainment, Inc.*,
   616 F.3d 904 (9th Cir. 2010) ......................................................................... 7

*Morey v. Vannucci*,
   64 Cal. App. 4th 904 (1998) .......................................................................... 8

*Oscar Barnett Foundry Co. v. Crowe*,
   219 F. 450 (3rd Cir. 1915) ............................................................................. 6

*Service & Training, Inc. v. Data General Corp.*,
   963 F.2d 680 (4th Cir. 1992) ......................................................................... 9

*Southern Cal. Edison Co. v. Superior Court*,
   37 Cal. App. 4th 839 (1995) .......................................................................... 7

*Sybersound Records, Inc. v. UAV Corp.*,
   517 F.3d 1137 (9th Cir. 2008) ....................................................................... 5

*T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n*,
   809 F.2d 626 (9th Cir. 1987) ......................................................................... 4

*White Swan, Ltd. v. Clyde Robin Seed Co.*,
   729 F. Supp. 1257 (N.D. Cal. 1989) .............................................................. 3

**Statutes**

17 U.S.C. § 106 .................................................................................................... 5

17 U.S.C. § 501(b) ............................................................................................... 5

**Rules**

Fed. R. Civ. P. 56(c) ............................................................................................ 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Simply, this case is inappropriate for summary judgment. Following the irreparable demise of the business relationship between Plaintiff Allumination Filmworks, LLC ("Allumination") and Defendant John M. Doyle ("Doyle"), Doyle terminated the License Agreement and regained ownership of the intellectual property rights at issue.

Allumination's conduct justified Doyle's termination of the License Agreement. Allumination's disagreement about its conduct and the validity of the termination underscore the material issues of fact that exist, precluding summary judgment. Furthermore, Allumination disputes Doyle's termination pursuant to the License Agreement but is unable to resolve the ambiguity of the contract regarding "uncurable" breach sufficient to warrant summary judgment. Third, Allumination's encouragement of the now-complained-about conduct estops any copyright infringement claim against Doyle and Defendant Alfred Publishing Co., Inc. ("Alfred"). Finally, the breach of the License Agreement is the subject of on-going litigation in state court and so ruling on the issue at the center of concurrent litigation is improper.

Ultimately, too many questions of material fact persist for the question of liability to be resolved at this stage. Accordingly, Alfred respectfully requests that this Court deny Allumination's Motion for Partial Summary Judgment.

## II. FACTUAL BACKGROUND

Defendant John M. Doyle ("Doyle") owns the copyrights to a five-part guitar training DVD series (the "Videos"). (Plaintiff's Undisputed Fact No. 1.) In 2004, Plaintiff Allumination Filmworks, LLC ("Allumination") and Doyle, through his company Green Monster Music entered into a licensing contract whereby Allumination would market and sell the five Videos. (Plaintiff's Undisputed Fact No. 2.) In exchange, Doyle would receive royalty payments. (Plaintiff's Declaration of Erick Kwack ("Kwack Decl.") Exhibit 1 ("License Agreement") ¶ 6.)

Allumination, however, failed to perform pursuant to its obligations in the License Agreement. In particular, Allumination engaged in insufficient marketing efforts, and made insufficient royalty payments and conducted insufficient accounting. (Plaintiff's Declaration of Valerie Flugge ("Flugge Decl.") Exhibit 6, Response To Interrogatories Nos. 1, 4.) Doyle and Allumination had many meetings and telephone calls on the subject. (*Id.* at Response to Interrogatory No. 4.) Eventually, Allumination stopped returning Doyle's calls. (*Id.* at Response to Interrogatory No. 1.) Because the relationship was irreconcilably destroyed, Doyle, through his attorney, sent a letter terminating the License Agreement with Allumination on September 6, 2007. (Plaintiff's Undisputed Fact No. 13; Kwack Decl., Exhibit 4.) The contract termination resulted in the reversion of the copyright licenses back to Doyle. (License Agreement ¶ 25.) Following the termination, Doyle sued Allumination in state court for breach of the contract and to recover the royalty payments he is owed.[1]

---

[1] Because of the pending state court litigation surrounding the breach of the License Agreement, this Court already summarily dismissed Allumination's claims for breach of contract and declaratory relief. (*See* Order Granting in Part and Denying in Part Defendant Doyle's Motion to Dismiss for Failure to State a Claim, Docket No. 31 (July 18, 2011).)

Following the termination of the exclusive License Agreement with Allumination, Doyle turned to Alfred Publishing Co., Inc. ("Alfred") to sell the Videos. On June 9, 2008, Doyle and Alfred entered into a contract for the sales of the Videos. (Flugge Decl., Exhibit 5, ¶ 19; Exhibit 8.)

Furthermore, after the termination of the Doyle/Allumination contract, Allumination was well aware of Doyle's plan to contract with Alfred going forward. (Flugge Decl., Exhibit 6, Response To Interrogatories No. 4.) In fact, Allumination explicitly encouraged Doyle to seek alternative sellers, which he did. (*Id.*)

## III. LEGAL ANALYSIS

### A. Summary Judgment Is Not Appropriate In This Case

Summary judgment is inappropriate under the facts of this case. Summary judgment is reserved for instances where "there is no genuine issue as to any material fact" or when viewing the evidence in the light most favorable to the non-moving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also White Swan, Ltd. v. Clyde Robin Seed Co.*, 729 F. Supp. 1257, 1259 (N.D. Cal. 1989). The substantive law identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Under Rule 56(c), an issue of material fact "is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' ***differing versions of the truth*** at trial." *Id.* quoting *First Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968) (emphasis added).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most favorable to the nonmoving party. *See T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). Accordingly, all inferences must be drawn in Doyle and Alfred's favor, demanding that Allumination's Motion be denied. Here, all of the factual disputes can be found within the evidence supporting Allumination's moving papers. As such, summary judgment is not warranted.

### B. Doyle's Termination Of The License Agreement With Allumination Is A Disputed Fact That Precludes Summary Judgment On The Copyright Claim

First, Allumination's conduct justified Doyle's termination of the License Agreement. Second, Allumination disputes Doyle's termination of the License Agreement but is unable to resolve the ambiguity of the contract sufficient to warrant summary judgment. Third, Allumination's encouragement of the now-complained-about conduct estops any copyright infringement claim against Doyle and Alfred. And finally, the breach of the License Agreement is the subject of on-going litigation in state court and this Court should abstain from ruling prematurely.

#### 1. Allumination's Material Breach Of The License Agreement Supports Doyle's Termination Of The Agreement

Because of Allumination's material and incurable breach of the License Agreement, Doyle properly terminated the License Agreement and all rights thereunder reverted back to Doyle. Allumination's contrary position reaffirms that at

the very least, the termination is a disputed material fact that precludes summary judgment.

The Copyright Act vests a copyright owner with the exclusive right to reproduce, distribute copies of, and prepare derivative works based upon the copyrighted work. 17 U.S.C. § 106.  In order to establish its prima facie case of copyright infringement, Allumination must show (1) that it owned a valid copyright in the Videos, and (2) that Alfred copied protected elements of the Videos. *Apple Computer v. Microsoft Corp.*, 35 F.3d 1435, 1442 (9th Cir. 1994), cert. denied, 115 S.Ct. 1176 (1995).  "Under copyright law, only copyright owners and exclusive licensees of copyright may enforce a copyright or a license." *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1144 (9th Cir. 2008) (citing 17 U.S.C. § 501(b)).

Here, Allumination is no longer an exclusive licensee.  Allumination materially breached the license agreement, resulting in the termination of the contract. "Rescission is permitted when an assignee or licensee materially breaches a covenant."  Melville Nimmer & David Nimmer, 3 Nimmer on Copyright § 10:15 (2011); *Graham v. James,* 144 F.3d 229, 237-38 (2d Cir. 1998) ("A material breach of a covenant will allow the licensor to rescind the license").  In one case, the court held "that a material breach by a publisher released the author from any obligation under the publishing contract, so that the author could thereafter sell the work to another." *Id.*, citing *Dell Pub. Co. v. Whedon*, 577 F. Supp. 1459, 1465 (S.D.N.Y. 1984) ("Once [the plaintiff] materially breached its contract with [the defendant] … [the defendant] was discharged from her obligations under the contract, including the grant to [the plaintiff] of exclusive rights in the manuscript. She was therefore free to resell the manuscript to whomever she wished." (internal citations omitted)).

Allumination cannot establish the threshold requirement for a copyright infringement claim: that it owned the copyrights pursuant to an exclusive license agreement. In fact, Doyle terminated that License Agreement in writing on September 6, 2007. (Kwack Decl., Exhibit 4.) Persistent failures on Allumination's part to market and sell the Videos, or to respond to inquiries from Doyle about the sales and marketing efforts, led to the incurable material breach that resulted in the termination of the License Agreement and the reversion of the copyright interests back to Doyle. (Flugge Decl., Exhibit 6, Response To Interrogatories Nos. 1, 4; Kwack Decl., Exhibit 4.) Failure to market or exploit is a proper ground for termination of an exclusive license. *See*, *e.g.*, *Oscar Barnett Foundry Co. v. Crowe*, 219 F. 450, 455-56 (3rd Cir. 1915) (rescission was appropriate when licensor was not paid royalties and patent was no longer being exploited).

Furthermore, Allumination has known about Doyle's position for years, including that Allumination failed to return Doyle's calls. Nevertheless, Allumination fails to rebut or even address this contention. Ignoring the point can be considered a tacit concession by Allumination that Doyle's claims were valid. Ultimately, significant issues of material fact persist surrounding the termination of the License Agreement, and accordingly, summary judgment is wholly inappropriate.

> **2.     The License Agreement Is Ambiguous, And The Issue Of Whether Allumination's Breach Was Material Remains, Precluding Summary Judgment**

At bottom, this case turns on Doyle's termination of License Agreement. Allumination contends that the Doyle's termination was ineffective, notwithstanding Allumination's conduct requiring such a drastic measure, but fails to establish that the key term on which Doyle based his termination is not ambiguous. Because the term

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

"uncurable" breach is undefined, summary judgment based on the contract is inappropriate.

The License Agreement does not define the term "uncurable material breach." Instead, Paragraph 25 simply provides:

> In the event of an uncured or uncureable material breach, the non-breaching party shall be entitled to terminate this Agreement by written notice to the other party, which may include, in the case of the Licensor, regaining the rights granted hereunder in the property, subject to existing executory contracts and licenses with respect to the Property…

When parties dispute the meaning of a contract term, the trial court's first step is to determine whether the term is ambiguous. A contract that is "ambiguous" is reasonably susceptible to either of the meanings urged by the parties. *Curry v. Moody*, 40 Cal. App. 4th 1547, 1552 (1995). Extrinsic evidence is then admissible to determine what the parties intended. *Southern Cal. Edison Co. v. Superior Court*, 37 Cal. App. 4th 839, 848 (1995).

Importantly, the granting of summary judgment will be reversed when based on an ambiguous term. *See Mattel, Inc. v. MGA Entertainment, Inc.*, 616 F.3d 904, 913 (9th Cir. 2010) ("Because the agreement's language is ambiguous and some extrinsic evidence supports each party's reading, the district court erred by granting summary judgment to [plaintiff] on this issue…").

Here, the parties disagree over the term "uncurable." Doyle contends that Allumination's conduct lead to the irreparable destruction of the business relationship

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

and License Agreement and was therefore was incurable; Allumination disagrees that its conduct was incurable.  (*See* Plaintiff's Motion, at p. 11:11-16.)

This Court recognized in its July 18, 2011 Order that one of the threshold issues to be determined, in order to resolve the infringement claim, is whether Allumination breached the License Agreement and "whether that breach was *material* so as to allow Doyle to repudiate the agreement in the context of Allumination's copyright claim." (*See* Order Granting in Part and Denying in Part Defendant Doyle's Motion to Dismiss for Failure to State a Claim, Docket No. 31 (July 18, 2011) at p. 8:15-18 (emphasis added)).  The determination of whether a material breach has occurred is generally a question of fact for the jury.  *See Gordon v. Matthew Bender & Co., Inc.*, 186 F.3d 183, 185 (2d Cir. 1999).  Moreover, if the meaning of a contract term turns in part on the credibility of conflicting extrinsic evidence, a properly instructed jury should decide the issue.  *See City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375, 395 (2008); *Morey v. Vannucci*, 64 Cal. App. 4th 904, 912-13 (1998).

The ambiguity of the critical term precludes summary judgment.  Allumination has not sustained its burden of proving that the term is not ambiguous, and has not resolved the issue of whether the breach was material, which is a question appropriate for a trier of fact.  Without doing so, summary judgment in Allumination's favor is inappropriate.

### C. **Allumination's Knowledge And Explicit Encouragement Of Doyle's Plan To Sell Through Alfred Bars Any Subsequent Infringement Claim**

Allumination is also estopped from claiming copyright infringement because it was aware of Doyle's plan to contract with Alfred, and in fact, encouraged Doyle to

seek alternative distributors for the Videos.  *See Service & Training, Inc. v. Data General Corp.*, 963 F.2d 680, 689 (4th Cir. 1992) ("Equitable estoppel may deprive a plaintiff of an otherwise meritorious copyright infringement claim."); Melville Nimmer & David Nimmer, 4 Nimmer on Copyright § 13.07 (2011) ("Principles of estoppel applicable elsewhere in the law are equally applicable in copyright infringement actions.").

"Estoppel is an equitable doctrine invoked to avoid injustice in particular cases."  *Heckler v. Community Health Services*, 467 U.S. 51, 59 (1984).  While its contours are flexible, generally "the party claiming the estoppel must have relied on its adversary's conduct in such a manner as to change his position for the worse, and that reliance must have been reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading."  *Id.* (internal quotation omitted).

Here, Doyle, and by extension Alfred, relied on Allumination's encouragement to seek alternative distributors.  (*See* Flugge Decl., Exhibit 6, Response To Interrogatories No. 4.)  Allumination cannot reverse course and claim infringement when it encouraged the precise conduct it now condemns.  Furthermore, Allumination was aware of Doyle and Alfred's relationship, both informally and through the state court litigation, for years before bringing this copyright infringement action.  Such knowledge further supports the conclusion that Allumination acquiesced to Doyle's subsequent licensing to Alfred sufficient to bar this claim of infringement.  At a minimum, issues of material fact persist surrounding the termination of the License Agreement and subsequent conduct by Allumination supporting estoppel make summary judgment unsuitable.

### D. Because The Breach Of The License Agreement Is Currently Being Litigated In State Court, This Court Should Abstain From Ruling

As noted in Doyle's Notice of Pendency of Other Action or Proceeding, filed on March 30, 2011 ("Notice of Pendency"), this case is strikingly similar to the state court case between Doyle and Allumination. (*See* Notice of Pendency of Other Action or Proceeding, Docket No. 9 (March 30, 2011). In fact, the Notice of Pendency states:

> These actions are related because the parties to the aforementioned state action, John Maurice Doyle and Allumination Filmworks, LLC, are the same parties in the instant federal action, and this federal court action involves all of the subject matter of the pending state court action. Both cases involve claims for breach of contract arising out of the same written agreement whereby Allumination was to market and sell Mr. Doyle's five DVDs for guitar instruction collectively referred to as the "Monster Music Method." The events giving rise to the alleged breaches are virtually identical. (Footnote reference omitted).

(*Id.*)

Accordingly, although this Court concluded that it has federal jurisdiction over the copyright infringement claim, ruling on the breach of the License Agreement, a predicate for finding infringement, is inappropriate. This Court should abstain from ruling when it will unquestionably impact the pending state court litigation.

## IV. CONCLUSION

Based on the facts and remaining factual disputes in this case, summary judgment is inappropriate. Doyle's termination of the License Agreement was justified and proper, and Allumination's disagreement with both underscores that the key issues cannot be decided at this stage. Accordingly, Alfred respectfully requests that Allumination's Motion be denied.

DATED: October 17, 2011.

REED SMITH LLP

By /s/ Katherine W. Insogna
Stuart A. Shanus
Katherine W. Insogna
Attorneys for Defendant
Alfred Publishing Co., Inc.